Case: 1:18-mj-04258-ACL  Doc. #: 1  Filed: 10/30/18  Page: 1 of 17 PageID #: 1

AO 106 (Rev. 06/09) Application for a Search Warrant

~~FILED~~

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

OCT 3 0 2018

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

In the Matter of the Search of

Garmin Global Positioning System (GPS), Model Dezl 560,
serial number 240026551, CURRENTLY LOCATED AT
Scott County Sheriff's Department, 131 S. New Madrid,
Benton Missouri 63736

Case No.     1:18MJ4258ACL

## APPLICATION FOR A SEARCH WARRANT

I, Brian W. Ritter                , a federal law enforcement officer or an attorney for the government
request a search warrant and state under penalty of perjury that I have reason to believe that on the following property:

See Attachment A

located in the     EASTERN     District of     MISSOURI     , there is now concealed

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

*Code Section*                                          *Offense Description*

Title 18, U.S.C., Sections        Interference with Commerce by Robbery; Possession of Firearm
1951 and 924(c)                     in Furtherance of Crime of Violence

The application is based on these facts:

SEE ATTACHED AFFIDAVIT WHICH IS INCORPORATED HEREIN BY REFERENCE

☑ Continued on the attached sheet.

☐ Delayed notice of      days (give exact ending date if more than 30 days:           ) is requested
under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Brian W. Ritter, SA, FBI

*Printed name and title*

Sworn to before me and signed in my presence.

Date:     10/30/2018

*Judge's signature*

City and state:  Cape Girardeau, MO          Abbie Crites-Leoni, U.S. Magistrate Judge

*Printed name and title*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

IN THE MATTER OF THE SEARCH OF
Garmin Global Positioning System (GPS),
Model Dezl 560, serial number 240026551,
CURRENTLY LOCATED AT Scott County
Sheriff's Department, 131 S. New Madrid,
Benton Missouri 63736

Case No. 1:18MJ4258ACL

## AFFIDAVIT IN SUPPORT OF AN
## APPLICATION UNDER RULE 41 FOR A
## WARRANT TO SEARCH AND SEIZE

I, Brian W. Ritter, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.     I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2.     I am a Special Agent with the Federal Bureau of Investigation, and have been since March 3, 1996. As part of my duties, I have investigated numerous investigations involving electronic devices.

3.     This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF THE DEVICE TO BE EXAMINED

4.    The property to be searched is a Garmin Global Positioning System (GPS), Model Dezl 560, serial number 240026551, hereinafter the "Device." The Device is currently located at the Scott County Sheriff's Department, 131 S. New Madrid, Benton Missouri 63736.

5.    The applied-for warrant would authorize the forensic examination of the Device for the purpose of identifying electronically stored data particularly described in Attachment B.

## PROBABLE CAUSE

6.    **October 01, 2017, robbery of Cape Girardeau Food Giant:**

7.    On the morning of October 1 2017, at approximately 5:15 am, the male victim, identified as T.P., went to his place of employment, Food Giant, 1120 N. Kingshighway, Cape Girardeau, Missouri, to open the store. T.P. entered the store through sliding glass doors at the front of the store by manually opening them and then disarming the store alarm. T.P. manually closed the sliding glass doors and proceeded to the rear of the grocery store.

8.    A short time later, a black male subject (Suspect #1) entered the store by placing his bare palm on the front glass door, manually sliding open the glass doors and closing them behind him. Suspect #1 was not wearing gloves and was wearing a dark head covering and dark face covering. He was also wearing black pants, a black t-shirt and black shoes.

9.    After Suspect #1 entered the store, another male subject (Suspect #2) entered the store. Suspect #2 was wearing a grey hooded sweat shirt, black pants and black shoes.

2

10. Suspect #1 approached T.P. at the back of the store while pointing a handgun at T.P. Suspect #1 had T.P. walk to the customer service area at the front of the store to get access to the store safe. Suspect #2 was walking around the store while keeping an eye on Suspect #1 and T.P. Suspect #1 stole $12,942 in cash from the safe in Food Giant. Suspect #1 attempted to tie up T.P. with zip-ties, but was unable to. Suspect #1 took T.P. to the manager's office and pulled the phone off of the wall. T.P. was locked in the office and told not to leave or he would be shot by Suspect #1. Suspect #1 stole the car keys and cell phone that belonged to T.P.

11. Suspect #2 left the store through the front sliding glass doors. Video surveillance in the area of Food Giant captured a white Chevrolet Suburban circling in parking lots and waiting while running with the lights on. One camera captured the license plate of the vehicle while sitting in the parking lot of a car wash just north of Food Giant on N. Kingshighway. The license plate was 8KX-190.

12. Suspect #1 exited the Food Giant store through the front sliding glass doors. Suspect #1 stole the personal vehicle belonging to T.P. and left the Food Giant parking lot turning North on North Kingshighway.

13. A video surveillance camera captured a vehicle that is believed to be the white Chevrolet Suburban sitting in a parking lot across the street with its lights on. The camera also captured T.P.'s personal vehicle being driven into the same lot after traveling north on North Kingshighway from the direction of Food Giant. After T.P.'s vehicle is parked in the lot and the lights are turned off, a few seconds later, the white Suburban then leaves the parking lot and turns north on North Kingshighway to leave the area.

3

14. During the investigation by the Cape Girardeau Police Department, Evidence Technician James Goins, located and lifted latent fingerprints and a palmprint on one of the sliding glass doors at the entrance of Food Giant. The prints were located where Goins had viewed Suspect #1 placing his right hand while opening the doors when he entered the store. Other investigators located and collected video surveillance from Food Giant and the car wash.

15. The latent print evidence was provided to the Missouri State Highway Patrol Crime Laboratory in Cape Girardeau. Two latent prints were searched through the Missouri State Highway Patrol AFIS database. A candidate, Odell R. Thompson, was generated and comparisons were conducted with the tenprint and palmprint cards of this subject. Item 1.1C, Latent L1, right palmprint, was identified to Odell R. Thompson.

16. An employee of Food Giant told Detective Joseph Thomas on October 11, 2017 that the front sliding glass doors are cleaned once a week, but it is not normal for anyone to put their hand on the door since the doors are automatic when the store is open.

17. A search through the Department of Revenue Missouri Uniform Law Enforcement System (MULES) for license plate 8KX-190 determined that the license plate is registered to a 2004 Chevrolet Utility. The registered owner is Harvee Pratcher, 119 Holmes Avenue, Sikeston, Missouri.

18. Detective Thomas located the white Chevrolet Suburban bearing Missouri license plate 8KX-190 at 216 North Ranney, Sikeston, Missouri. Detective Thomas took photographs of the vehicle parked under the carport at the residence. The vehicle looks exactly like the white

4

Chevrolet Suburban observed on video surveillance cameras in the area of Food Giant in and around the time of the armed robbery.

19.     On October 11, 2017, Detective Thomas talked to the State Probation and Parole Officer for Pratcher. The officer advised that Pratcher utilizes cell phone number (314) 479-4093, which is documented in Pratcher's file. The officer also advised that Pratcher lives at 216 North Ranney in Sikeston, Missouri with his girlfriend.

20.     On October 18, 2017, a state search warrant was served at 216 North Ranney, Sikeston, Missouri. During the search warrant, Pratcher arrived at the residence in a second vehicle, described as a 1988 Chevrolet Caprice bearing Missouri license UN2-D5J, which is registered to Pratcher. Scott County Sheriff's Department Deputies seized the vehicle when a K-9 Officer had his K-9 conduct an open air "sniff" around the vehicle. The K-9 alerted to the odor of illegal narcotics and thus the vehicle was seized and towed to the Scott County Sheriff's Department.

21.     On October 19, 2017, Scott County Investigators conducted another search warrant on Pratcher's 1988 Chevrolet Caprice. Money bundles wrapped with rubber bands were located under the driver's seat and in the glove box of the vehicle. A portable Garmin Global Positioning System (GPS), Model Dezl 560, serial number 240026551, (The "Device.") was mounted on the windshield of the car. This is the device for which this search warrant is sought. Also located was a Samsung Galaxy S6 Edge Plus cell phone that Pratcher had left behind when he got out of his vehicle when he arrived at his residence during the search warrant on October 18, 2017.

5

22.    Detective Thomas received a search warrant for the Samsung cell phone. Due to difficulties accessing the cell phone, Detective Thomas requested the assistance of the FBI in conducting a forensic review of the cell phone under the state search warrant. On November 9, 2017, FBI examiner Eric Kerr provided results of the examination of the Samsung cell phone to SA Brian W. Ritter.

23.    During a review of cell phone contents, text messages were located between the Samsung cell phone (Harvee Pratcher) and "Odie" who used telephone number (636)219-8881. Communication between Pratcher's phone, (314) 479-4093, and "Odie" were located during the timeframe of the Food Giant robbery in Cape Girardeau. On November 25, 2018, while being interviewed by the FBI, Pratcher admitted he knew who Odell Thompson was and also knew him as "Odie". Communication between Pratcher's phone and his girlfriend were also located during the timeframe of the Food Giant robbery in Cape Girardeau.

24.    On September 30, 2017 at 11:33 am, Pratcher texts Odie (Odell Thompson) "Wtw", which is believed to mean, "Want to work". At 11:34 am, Thompson replies back "Slide", which is believed to mean drop by or show up according to the Urban Dictionary website. At 9:17 pm, Pratcher's girlfriend texts "Wya", which is believed to mean, "Where you at". Pratcher replies, "Capes". Pratcher replies to another person on October 1, 2017 at 1:41 am that he is in "Cape". At 2:59 am, his girlfriend asks "Are you almost home?" Pratcher replies, "Lol while dropped cuzz off out of town". At approximately 5:15 am, the Food Giant in Cape Girardeau was robbed by two black males. At approximately 5:25 am, the two suspects are last seen leaving the area of the Food Giant robbery. At 5:55 am, Pratcher texts his girlfriend, "Omw sorry", which is believed to mean, "On my way, sorry". Additional texts between Thompson

6

and Pratcher take place after 6:49 am coordinating Pratcher dropping off a cell phone at the residence of "Amber", later identified as Amber Hyde.

25.     On November 13, 2017, Amber Hyde, an associate of Odell Thompson, was interviewed by SA Ritter. During the interview, Hyde was asked what telephone number she had for Thompson. Hyde advised she did have his cell phone number and identified it from her phone as (636) 219-8881. She also confirmed Thompson had a cell phone dropped off at her residence, but was not sure if he personally dropped it off.

26.     Records that were received from Sprint for Pratcher's telephone (314)479-4093 and Thompson's telephone (636)219-8881 were reviewed by the FBI for location based information. Based on a review of the records, at 5:24 am and 5:25 am, Pratcher and Thompson's cell phones were both located within the service area consistent with the Cape Girardeau Food Giant. At 5:42 am, both phones were within the service area consistent of I-55 near Benton, Missouri. At 6:47 am, both phones were within the service area consistent with Sikeston, Missouri.

27.     **October 15, 2017, robbery of Chaffee Food Giant:**

28.     On October 15, 2017, Chaffee and Scott County law enforcement officers were notified that the Food Giant store in Chaffee had been robbed. Investigating officers learned that store employee T.H. had stepped out of the store to smoke a cigarette. It was night, but the parking lot was partially lit with some street lights. T.H. finished smoking his cigarette and went back inside the store. Very soon after that, T.H. noticed that a black male wearing a hooded sweatshirt and mask entered the store and approached him. Another employee, J.T.,

7

described the black mask as having one hole in the front. A mask matching that description was found in Pratcher's residence during the search warrant on October 18, 2017. The masked man was pointing a silver handgun at T.H.. The man ordered all the employees to the front of the store. A second black male wearing a mask entered the store holding a handgun. The second man began yelling at a store clerk to hurry up and join the other employees. The two men then ordered all the employees to go to the deli area, lie down and wait for 30 minutes before they got up. The men also told the employees to give the men their money. The employees turned over their wallets to the two masked men. One of the masked men ordered an office employee to get them the money from the office, which he did. The employees went to the deli area and got down on the floor as instructed. After a while, T.H. got back up to call the police. T.H. noticed that it was 10:02 p.m. when he got back up.

29. During the search warrant on October 19, 2017 of Pratcher's Chevrolet Caprice, the money located in the car wrapped in rubber bands was later determined to be wrapped in a manner consistent with how the money stolen from the Chaffee Food Giant was wrapped.

30. During the aforementioned review of Harvee Pratcher's phone contents, text messages were located between the Samsung cell phone (Harvee Pratcher) and "Odie" who used telephone number (636)219-8881. Communication between Pratcher's phone and "Odie" were located during the timeframe of the Food Giant robbery in Chaffee, Missouri. On October 15, 2017 at 4:46 pm, Thompson texts Pratcher "Wtw", which is believed to mean, "Want to work". Pratcher replies "Wya", which is believed to mean, "Where you at". Thompson replies "Crib", which is believed to mean his residence. At 5:18 pm, Thompson texts Pratcher "Pull up", which is believed to mean, come over. Pratcher responds, "Let u kno when im omw", which is

8

believed to mean, "Let you know when I am on my way". At 6:31 pm, Pratcher texts "Yo". Thompson replies back "Os", which is believed to mean, "Out side". At 7:55 pm, Pratcher's girlfriend texts him "Wtfrud", which is believed to mean, "What the fuck are you doing". She then texts him at 7:57 pm "Wya", which is believed to mean, "Where you at". The robbery in Chaffee then occurred at approximately 9:45 pm and is reported at approximately 10:02 pm. On October 16, 2017 at 1:36 am, Pratcher texts Thompson "Os", which is believed to mean, "Outside". Thompson replies "Ok". At 1:53 am, Pratcher texts his girlfriend "Ok. I'm bout 2 pull in", which is believed to mean, he is about to arrive home.

31. During the aforementioned review of the Sprint records by the FBI for Pratcher and Thompson's cell phones, location based information was reviewed for October 15, 2017. At 8:21 pm, Thompson's cell phone connects to a cell tower in Jackson, Missouri. At 8:42 pm, Pratcher's cell phone connects to a cell tower just south of Jackson. At 9:26 pm, Pratcher's cell phone is located within the service area consistent with traveling on Highway 77 near Dutchtown, Missouri. The Chaffee Food Giant was robbed at approximately 9:45 pm. Chaffee is located on Highway 77 south of Dutchtown. At 11:25 pm, both cell phones connect to a tower in Sikeston, Missouri.

32. A Garmin GPS (Global Positioning System), like the one seized from Pratcher's Chevrolet Caprice, provides location information to a user of the device based on information provided by the service provider's satellites, in this case Garmin. The user can use the Garmin GPS to see their current location and direction of travel as well as streets in the area. The user can also input an address they want to travel to and the Garmin GPS will then provide directions for that address from the user's current location. The Garmin GPS will also store previously

9

searched addresses in its internal memory under "Recent Searches" for users to go back and use for travel purposes. A review of the Garmin GPS's "Recent Searches" or internal memory will provide addresses previously searched by the user of the device.

33. The Device is currently in the lawful possession of the Scott County Sheriff's Department. It came into the Scott County Sheriff's Department's possession in the following way: The Device was seized as evidence during the execution of a search warrant on October 19, 2017 by the Scott County Sheriff's Department. Therefore, while the Scott County Sheriff's Department might already have all necessary authority to examine the Device, I seek this additional warrant out of an abundance of caution to be certain that an examination of the Device will comply with the Fourth Amendment and other applicable laws.

34. The Device is currently in storage at the Scott County Sheriff's Department, 131 S. New Madrid, Benton Missouri 63736.. In my training and experience, I know that the Device has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the Device first came into the possession of the Scott County Sheriff's Department.

## TECHNICAL TERMS

35. Based on my training and experience, I use the following technical terms to convey the following meanings:

> a. GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another

10

location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

36. Based on my training, experience, and research, I know that the Device has capabilities that allow it to serve as navigation device and store recent searches in it's memory. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device and locations the device was used to navigate to for the user of the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

37. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the service provider (Garmin) are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

11

38.    *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

> a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

> b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

> c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

> d. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual

12

information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

39.     *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

40.     *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

13

## **CONCLUSION**

41.    I submit that this affidavit supports probable cause for a search warrant

authorizing the examination of the Device described in Attachment A to seek the items described

in Attachment B.

Respectfully submitted,

Brian W. Ritter
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me
on October 30, 2018:

UNITED STATES MAGISTRATE JUDGE

14

## ATTACHMENT A

The property to be searched is a Garmin Global Positioning System (GPS), Model Dezl 560, serial number 240026551, hereinafter the "Device." The Device is currently located at the Scott County Sheriff's Department, 131 S. New Madrid, Benton Missouri 63736.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## **ATTACHMENT B**

1.    All records on the Device described in Attachment A that relate to violations of

Title 18 United States Code, Section 1951 and 924c and involve Harvee J. Pratcher since

September 1, 2017, including:

      a.   Recent searches, routes, trips or addresses stored in the memory of the Device.

      b.   any information recording Harvee J. Pratcher's schedule or travel from September

          1, 2017 to the present;

As used above, the terms "records" and "information" include all of the foregoing items

of evidence in whatever form and by whatever means they may have been created or stored,

including any form of computer or electronic storage (such as flash memory or other media that

can store data) and any photographic form.